**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50132 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-01442-MMA |
| v. | MEMORANDUM[*] |
| ERICK HUMBERTO SALAZAR, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted February 14, 2017[**]

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Erick Humberto Salazar appeals from the district court's judgment and

challenges the 97-month sentence imposed following his jury-trial conviction for

importation of methamphetamine and conspiracy to import methamphetamine, in

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 21 U.S.C. §§ 952, 960, and 963. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Salazar contends that the district court erred by failing to analyze whether the facts he cited at sentencing entitled him to a minor role adjustment under U.S.S.G. § 3B1.2. This argument is not supported by the record, which reflects that the court considered Salazar's arguments in favor of a minor role adjustment and concluded that he had not carried his burden of demonstrating that he was entitled to the adjustment. *See United States v. Cantrell*, 433 F.3d 1269, 1282 (9th Cir. 2006) (defendant bears burden of proving entitlement to a minor role adjustment). This finding was not clearly erroneous, despite counsel's characterization of Salazar as solely a "courier," in light of the facts to which Salazar admitted in his proffer, which were discussed at the sentencing hearing. *See id.* (whether a defendant is a minor participant is a factual determination reviewed for clear error).[1]

Salazar also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Salazar's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The low-end Guidelines sentence is

---

[1] Several months after Salazar was sentenced, the United States Sentencing Commission amended the commentary to section 3B1.2(b). *See United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016). We are satisfied that the district court did not clearly err under the revised commentary, which applies retroactively. *See id.* at 523.

15-50132

substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**